PIERCE, Judge.
Robert G. Farington, sometimes known as Randal Farrington, and sometimes also known as Robert L. Wilson, appeals separately the judgments of conviction against him in the foregoing cases, which we have consolidated here for disposition.
On March 21, 1969, four separate infor-mations were filed in the Pinellas County Circuit Court charging him. with having obtained varied sums of money, namely, $130.00, $208.00, $289.00 and $277.00, on occasions between January 26th and January 28th, 1969, from the Firestone Tire & Rubber Company and Heilman’s Restaurants, Inc., by the passing of individual worthless checks. On April 3, 1969, he entered pleas of not guilty and not guilty by reason of insanity to the informations, he being represented at said proceedings by private counsel, Mr. Maynard Swanson. On May 2, 1969, the date previously set for trial, Farington again appeared in Court with said counsel and moved for continu- *922 anee of the trials, which was denied. The cases were consolidated for trial, and a jury was duly selected and empaneled. Thereupon Farington, “being present in person and with counsel, Maynard Swanson” moved in open Court “for permission to withdraw his former plea of not guilty and not guilty by reason of insanity and enter a plea of guilty to the charges contained in the” four informations. The official minutes of the Court then recite the following:
“The Court inquired of the defendant if there were any inducements, promises of leniency or promise of probation or any other inducements offered him to influence his plea, to which he replied that there were not and that his pleas were voluntarily and freely given and that he was guilty as charged; thereupon the Court accepted the defendant’s pleas of guilty to the charges contained”.
Thereafter, on June 12, 1969, Farington was adjudged guilty and was sentenced to terms of imprisonment on each case, to run concurrently. On June 30, 1969, separate notices of appeal were filed, and on August 19, 1969, assignments of error were filed in the four cases which had been consolidated for purposes of appellate disposition. The “assignments” consisted of one assignment, namely, “1. Whether or not the plea of guilty should stand in view of all the circumstances in the subject case”. On July 3, 1969, Farington had been adjudged insolvent and the Public Defender of said Court appointed to represent him on the appeals.
In his brief on the consolidated appeals the Public Defender said:
“An examination of this transcript, now before this Court would clearly show that the defendant was fully aware of all his rights and that he changed his original plea of not guilty to that of guilty after being closely examined by the trial judge to be certain that the defendant realized the consequences thereof. This all in open court with trial counsel present. Further, that the trial judge sufficiently inquired of the defendant to assure the court that the defendant was aware of the consequences of such change and was taking such action freely and voluntarily and without any promises of any kind.”
The Attorney General naturally has no quarrel with the foregoing observation, and we also agree. The minutes of the Court hereinbefore quoted conclusively show that the change of pleas to guilty was knowingly, voluntarily, and intelligently made by Farington in open Court, while he was attended by his private counsel. Moreover, the proceedings in open Court at the time the change of pleas was made, have been transcribed and are included in the record filed here. The transcript fully bears out the official Court, minutes. The appeals are obviously without merit.
The appeals are all affirmed.
HOBSON, C. J., and McNULTY, J., concur.